David **DEL BOURGO**, Plaintiff,

v.

**E. A. MANSFIELD**, in his capacity as chairman, et al., Defendants.

Civ. No. 45849.

United States District Court
N. D. California.

Feb. 23, 1967.

See also, D.C., 300 F.Supp. 502.

Norman Leonard, San Francisco, Cal., Ann Fagan Ginger, Berkeley, Cal., Paul G. Sloan, Asst. U. S. Atty., for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

The plaintiff, David Del Bourgo, has filed a complaint in which he asks that a three-judge court be convened pursuant to 28 U.S.C. Sections 2282, 2284 for the purpose of declaring that certain orders of the Selective Service Board of which defendants are members are unconstitutional.

■ The function of this Court upon plaintiff's application for a three-judge court is limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statutes. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U. S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1961). After a thorough review of the pleadings and a consideration of the oral arguments presented by counsel, it is this Court's opinion that plaintiff's case fails to come within the requirement of Section 2282 that the subject matter of the controversy be the alleged unconstitutionality of a federal statute.

A reading of the complaint indicates that plaintiff is attacking not an Act of Congress, but rather a series of orders of an administrative agency implementing that Act. Specifically, the complaint charges that the forms used by the Selective Service Board were unconstitutionally misleading in that by their failure to incorporate the language of the decision in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), plaintiff was deprived of his right to make his timely claim to conscientious objector status.

The numerous grounds set out in paragraph 10 of the complaint questioning the constitutionality of the procedures followed by the Selective Service Board share the common assumption that Section 6(j) of the Universal Military Training and Service Act (UMTSA) as interpreted in *Seeger* is intended to encompass the plaintiff, and that it is his exclusion from the benefits of this section that is unconstitutional.

■ Therefore, it is apparent that the plaintiff is asking for the convening of a three-judge court for the purpose of challenging the constitutionality of the acts of an administrative agency. However, it is well established that a three-judge court cannot be used for this purpose. William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L. Ed. 1189 (1939).

Plaintiff's counsel rather belatedly in oral argument suggested that section 6(j) of the UMTSA is also under constitutional attack. Unfortunately, a reading of the pleadings belies this assertion.

■ Nowhere is there to be found any factual statement which indicates that it was plaintiff's belief that he was not within the statute as it is presently interpreted, though he falls within the general class of people whom Congress intended to benefit. The absence of such factual allegations preclude a finding that plaintiff has standing to question the constitutionality of Section 6(j).

The truth of the matter is that plaintiff believes himself to be within Section 6(j) as interpreted by *Seeger* (see page 4 of the complaint). In fact, the real thrust of plaintiff's grievance is that he was not afforded reasonable opportunity to discover what that interpretation was.

■ Plaintiff seeks the convocation of a three-judge court to determine the alleged federal constitutional questions raised in his complaint, but, since the complaint does not really involve the constitutionality of a federal statute, plaintiff's application for a three-judge court should be denied. This leaves his claim that the orders of the Selective Service Board are being used to make an unconstitutional application of the statute. He has not exhausted his administrative remedies and therefore this Court is without jurisdiction. The unqualified holdings of the Supreme Court in Falbo v. United States, 320 U.S. 549,

64 S.Ct. 346, 88 L.Ed. 305, and Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, are that the registrant cannot judicially attack his classification until he has exhausted all of the steps in the selective process. The whole purpose of his proceeding in this case is to get a judicial review of his classification before the end of the selective process. This he cannot do. The motion to dismiss should be granted.

It is ordered that plaintiff's application for a three-judge court and for injunctive relief be, and the same is denied, and plaintiff's action be, and the same is hereby dismissed.