**David DEL BOURGO, Plaintiff,**

v.

**E. A. MANSFIELD, in his capacity as Chairman, et al., Defendants.**

**No. 45849.**

United States District Court
N. D. California.

Aug. 8, 1968.

Norman Leonard, San Francisco, Cal., and Ann F. Ginger, Berkeley, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendant.

MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

On February 23, 1967, 300 F.Supp. 500, this Court made an order in the following language:

"It is ordered that plaintiff's application for a three-judge court and for injunctive relief be, and the same is denied, and plaintiff's action be, and the same is hereby dismissed."

On August 1, 1967, this Court denied plaintiff's petition for reconsideration.

Plaintiff appealed from this order and on June 25, 1968 The Court of Appeals for the Ninth Circuit made and filed the following order:

"The case is remanded to the district court.

"The district court should consider whether the case is now moot. If it concludes that the case is now moot, it is authorized to vacate its judgment and dismiss the action.

"If the district court concludes that its judgment should stand, the remand shall terminate 42 days from the date of entry of this order."

The remand was filed in the District Court on June 26, 1968. On July 8, 1968, an order to show cause was issued ordering the defendants to file a return on or before the 26th day of July, 1968, to show cause, if any there be, why the

District Court's judgment of February 23, 1967, should not be vacated. It was further ordered that the matter be set down for hearing on August 2, 1968. On August 1, 1968, the defendants filed a return on the order to show cause stating that at the time this Court entered its order on February 23, 1967, there was a dispute between the parties, and, therefore, the District Court's decision should stand and the appeal should be dismissed. At the hearing on August 2, 1968, counsel for the parties indicated that the facts were undisputed, and counsel agreed to present a stipulation in writing which was later filed on the same day. The stipulation reads in part as follows:

"1) On May 16, 1968, the defendant SELECTIVE SERVICE BOARD placed plaintiff in the classification I-O (Conscientious Objector);

"2) On May 17, 1968, the defendant SELECTIVE SERVICE BOARD mailed a notice of said classification (SS Form 110) to plaintiff;

"3) By reason of the foregoing, the factual issues between the parties to this action are now moot."

■ Point (3) of the stipulation suggests to the Court that the issues between the parties in the action are now moot. With this suggestion the Court agrees. The supplement to the complaint in this action filed December 1, 1966, sets forth the claim that the plaintiff is a conscientious objector to participation in war in any form, and that the defendants, who are the chairman and members of the local draft board, have not afforded plaintiff the opportunity to appear personally before the board on his claim that he is a conscientious objector at any time after September 23, 1966. Stipulation (1) that on May 16, 1968, the defendant Selective Service Board placed plaintiff in classification I-O (conscientious objector) renders this factual recitation inaccurate, and thus renders the essential question which was then before the Court now moot, although at the time the decision was made on February 23, 1967, there was then pending before the Court a judicable issue which was heard and determined by the Court, and which this Court still feels was correctly determined. However, the mandate from the Court of Appeals is to ascertain if the case is now moot. From the stipulated facts I now find that the case is moot.

■ The mandate of the Court of Appeals further authorized the vacation of the judgment and dismissal of the action. Here I find it difficult to do any more than what already has been done, namely, to dismiss the action. However, I assume that the mandate of the Court of Appeals is concerned with the reason for the dismissal, and, therefore, it has asked that the judgment of dismissal be vacated, so that the action may be dismissed as being moot rather than it be dismissed as having been brought without jurisdiction.

It is, therefore, ordered that the judgment and order of February 23, 1967, be, and the same is hereby vacated and set aside.

It is further ordered that the action be, and the same is hereby dismissed because the issues between the parties to this action are now moot.