## WILLIAM JAMESON & CO. *v.* MORGENTHAU, SECRETARY OF THE TREASURY.

No. 717.  Argued May 1, 1939.—Decided May 15, 1939.

*Mr. William D. Mitchell,* with whom *Messrs. John F. Moore* and *William E. Stevenson* were on the brief, for appellant.

*Solicitor General Jackson* and *Mr. Philip E. Buck,* with whom *Assistant Attorney General Arnold,* and *Messrs. Charles A. Horsky* and *John Paulding Brown* were on the brief, for appellees.

PER CURIAM.

Appellant, an importer and distributor of alcoholic beverages, having been denied the right to import its product into the United States under the label of "blended Scotch whisky," upon the ground that it was improperly labeled, brought this suit against the Secretary of the Treasury and other officials to enjoin them from refusing to release the product from customs custody upon payment of the required customs duties. Appellant also asked for a declaratory judgment that the Federal Alcohol Administration Act, 49 Stat. 977, 1965, is unconstitutional and void and that Regulations No. 5 promulgated thereunder, and particularly §§ 21 (k), 34 (f) and 46 (a) of these Regulations, are unenforceable as against appellant and are without warrant of statutory authority.

In the view that the question of the validity of an Act of Congress was involved and that the suit was within the purview of § 3 of the Act of Congress of August 24, 1937, 50 Stat. 751, the case was heard below by a court of three judges, which denied an application for preliminary injunction and dismissed the complaint. 25 F. Supp. 771. From its decree a direct appeal has been taken to this Court.

Section 3 of the Act of Congress of August 24, 1937, providing for a court of three judges and a direct appeal to this Court, is not applicable unless the questions raised as to the constitutional validity of an Act of Congress are substantial. *California Water Service Co. v. Redding,* 304 U. S. 252, 254, 255.

Here, the Federal Alcohol Administration Act was attacked upon the ground that the Twenty-first Amend-

ment to the Federal Constitution gives to the States complete and exclusive control over commerce in intoxicating liquors, unlimited by the commerce clause, and hence that Congress has no longer authority to control the importation of these commodities into the United States. We see no substance in this contention.

The other contentions of appellant assailed the Regulations and administrative action thereunder rather than the Act of Congress. So far as the Federal Alcohol Administration Act itself is concerned, no substantial question of constitutional validity was raised.

Section 3 of the Act of Congress of August 24, 1937, while providing for a procedure analogous to that under § 266 of the Judicial Code, 28 U. S. C. 380, creates a distinction which we think is controlling. Section 266 of the Judicial Code provides for a court of three judges where an injunction is sought to restrain the enforcement "of any statute of a State" or "of an order made by an administrative board or commission acting under and pursuant to the statutes of such State," upon the ground of unconstitutionality. The provision in relation to administrative orders was added by an amendment to the original section. Act of March 4, 1913, 37 Stat. 1013. While that addition has been said to be unnecessary, as such orders were previously covered, *Oklahoma Gas Co.* v. *Russell*, 261 U. S. 290, 292, Congress adopted the amendment out of abundant caution. But with these provisions of § 266 before it, Congress in enacting § 3 of the Act of August 24, 1937, did not refer to "any statute" or to administrative orders, but confined its requirement to cases of attack upon an "Act of Congress" upon the ground that "such Act or any part thereof is repugnant to the Constitution of the United States." This is not an apt description of administrative regulations or orders. We must regard the choice of language as deliberate and as indicating a limitation deemed to be advisable. It does not appear to have been the intention of Congress that

174

direct appeal should lie to this Court when administrative action and not the Act of Congress is assailed.

While we are of the opinion that the Court is without jurisdiction to review the merits on this appeal, the Court does have jurisdiction to make such corrective order as may be appropriate to the enforcement of the limitations which § 3 imposes, and in the circumstances disclosed the appropriate action is to vacate the decree below and to remand the cause to the District Court for further proceedings to be taken independently of § 3 of the Act of August 24, 1937. See *Gully* v. *Interstate Natural Gas Co.*, 292 U. S. 16; *Oklahoma Gas Co.* v. *Oklahoma Packing Co.*, 292 U. S. 386, 392.

*Decree vacated.*