**JATROS v. BOWLES, Administrator, Office of Price Administration.**

**No. 9706.**

Circuit Court of Appeals, Sixth Circuit.

June 26, 1944.

454

Edward N. Barnard, of Detroit, Mich., for appellant.

David London, of Washington, D. C., (Thomas I. Emerson, Fleming James, Jr., David London, and Ray Patton Smith, all of Washington, D. C., A. D. Ruegsegger, of Cleveland, Ohio, and C. Walter Healy, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The Administrator's predecessor in the Office of Price Administration filed a bill of complaint in the District Court alleging that the appellant was engaged in practices in violation of the Emergency Price Control Act of 1942, 56 Stat. 23, as amended by Public Law 729, 77th Congress, 2nd Session, 50 U.S.C.A.Appendix § 901 et seq., and General Maximum Price Regulation (7 S.R. 3153) and Maximum Price Regulation 259 (7 S.R. 8950), in that he sold beer and liquor by the glass in violation of the regulations. The bill sought temporary and permanent injunctions. Responding to an order to show cause why they should not issue, the appellant challenged both the court's jurisdiction of the subject matter and the constitutionality of the Emergency Price Control Act. From an order for an interlocutory injunction, an appeal is lodged under authority of § 129 of the Judicial Code, 28 U.S.C.A. § 227.

While the appeal was pending the Supreme Court, on March 27, announced its opinions in Yakus v. United States, 321 U.S. 114, 64 S.Ct. 660, and Bowles, Administrator, v. Willingham and Hicks, 321 U.S. 503, 64 S.Ct. 641. The appellant concedes that decisions in the two cases are decisive of the issues raised by the appeal in respect to the constitutional validity of the Act insofar as it is general in its scope. They do not, however, he insists, preclude him from questioning the application of the Act to the sale of beer, whiskey, and wine at retail wholly within the borders of the state, for these commodities, he says, occupy, legally and constitutionally, a unique position, subject not only to general state and federal regulations, but to a specific constitutional provision dealing with them. His argument is that the federal government is prohibited from making any regulation governing their sale intrastate by the express provision of the Twenty-first Amendment to the Constitution of the United States. That Amendment, in addition to repealing the Eighteenth Amendment, provides, in § 2:

"The transportation or importation into any State, Territory or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

The appellant undertakes to review the history of legislative and constitutional regulation of the liquor traffic, a history with which we naturally are familiar, to demonstrate the thesis that prior to the adoption of the Eighteenth Amendment the power to make intra-state regulations respecting alcoholic beverages was lodged exclusively in the states with none granted to the federal government, that the sole federal power to regulate the liquor traffic was derived from the Eighteenth Amendment, and by its repeal was surrendered and reverted to the states with, however, an important difference. Prior to the adoption of the Eighteenth Amendment, barriers

against federal regulation rested upon general constitutional principles, and upon the line of demarcation between the powers granted to the national government and those reserved to the states. Now, however, the federal government is precluded by the specific terms of the Twenty-First Amendment from making any regulations in respect to alcoholic beverages within the states.

■ In support of this thesis he presses the decision in State Board of Equalization v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38, as establishing an interpretation for the Twenty-first Amendment by which there is removed from the ambit of federal power all authority to regulate intra-state traffic in alcoholic beverages, whether asserted under the commerce clause or other constitutional grants of federal power. No such interpretation, however, is to be derived from the Young's Market case. There, when it was urged that to sustain the exaction of an importer's license fee imposed by the state would involve a declaration that the Amendment had, in respect to liquor, freed the states from all restrictions upon the police power to be found in other provisions of the Constitution, the court replied that the question for decision required no such generalization. There was surrender of federal power to regulate commerce within or into a state in violation of its laws, but no surrender generally of authority over commerce in intoxicating liquors. The language of the Amendment is clear. Since its adoption the states are free to enact laws concerning the transportation within, or the importation into the states, of alcoholic beverages, unfettered by the power delegated to the federal government to regulate commerce among the states and with foreign powers. It does not, however, deprive the national government of all authority to legislate in respect of inter-state commerce in intoxicants. Washington Brewers Institute v. United States, 9 Cir., 137 F.2d 964; Arrow Distilleries, Inc., v. Alexander, 7 Cir., 109 F.2d 397. The Congress is not left without power to regulate importation of intoxicants, nor to protect the revenue, nor to enforce the postal laws in the establishment of the Federal Alcohol Administration. In William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 805, 83 L.Ed. 1189, it was said of an argument that the Congress no longer has authority to control the importation of intoxicating liquors, and that the Twenty-first Amendment gives to the states complete and exclusive control over commerce in intoxicants—"We see no substance in this contention." We saw none in Schlitz Brewing Co. v. Johnson, 6 Cir., 123 F.2d 1016, summarily affirming decision in Johnson v. Schlitz Brewing Co., D. C., 33 F.Supp. 176.

Followed to its logical conclusion, the appellant's construction, if valid, would mean that the federal government no longer has power to punish theft of intoxicants from interstate shipments of alcoholic beverages under the authority of the so-called Car Seal Act, nor to regulate or prohibit unfair trade practices in respect to such commodities through the Federal Trade Commission, nor to regulate tariffs through orders of the Interstate Commerce Commission, nor to prohibit unfair labor practices affecting commerce in intoxicants by brewers or distillers under the authority of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., nor to prescribe minimum wages or maximum hours for employees in such enterprises under the authority of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. These implications demonstrate the tenuousness of the appellant's broad contentions.

■■ Moreover, the Price Control Act rests upon the war power. The Congress has constitutional authority to prescribe commodity prices as a war emergency measure (Yakus v. United States, supra), and the Act was adopted in the exercise of that power. Neither expressly nor by implication was the war power abrogated or limited by the Twenty-first Amendment. Certainly, if there was power to impose national prohibition during war in 1918 there is power to invoke regulations to prevent war-time inflation and its disruptive causes and effects in 1944. Hamilton v. Kentucky Distillery, 251 U.S. 146, 40 S.Ct. 106, 64 L.Ed. 194.

■ A question of jurisdiction perhaps lurks in the record. Section 204(d) confers upon the Emergency Court of Appeals and the Supreme Court of the United States, "exclusive jurisdiction to determine the validity of any regulation or order," coupled with the provision that "no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation." If the challenge of the appellant was primarily directed to the

validity of the Administrator's regulation, the court was without authority to consider the defense, but if the essence of the appellant's response to the order to show cause was a challenge to the constitutional validity of the Act, as it applies to his enterprise, the court had jurisdiction to pass upon it. Yakus v. United States, supra. It does not appear upon the present record whether it is the Act itself or the validity of the regulation that is brought into question, and we are not aided by findings or conclusions announced below, in determining the precise nature of the appellant's grievance. We content ourselves, therefore, in noting the possible presence of a jurisdictional question without sensing an obligation, in the present state of the record, to pass upon it.

The decree is affirmed.