WESTERN ASS'N OF LUMBERMEN & LOGGERS et al. v. KRUG et al.

Civ. No. 4007.

District Court, D. Oregon.

Aug. 16, 1948.

Portland, Or., for defendant Julius A. Krug.

Carl E. Davidson and Charles P. Duffy, both of Portland, Or., for defendant Fischer Lumber Co.

BIGGS, Circuit Judge.[1]

The individual plaintiff, George E. Owen, the owner of forest lands located within the Mohawk River Sustained-Yield Forest Unit, part of the revested Oregon and California River and reconveyed Coos Bay Wagon Road grant lands situated in the State of Oregon,[2] and the owner of a saw mill at Eugene, Oregon, and the corporate plaintiff, Western Association of Lumbermen and Loggers, a voluntary, non-profit corporation, seek by the civil action at bar to obtain a declaratory judgment that a proposed contract which may be entered into by the United States and the defendant, Fischer Lumber Company, is illegal and in derogation of the individual plaintiff's rights. By their amended complaint the plaintiffs seek to enjoin the defendants, Julius A. Krug, as Secretary of the Department of the Interior of the United States and officers of the Department of the Interior and of the Bureau of Land Management of that Department, and Fischer Lumber Company from entering into a cooperative marketing agreement for the management of the Mohawk River Sustained-Yield Forest Unit whereby for a long period of time, perhaps for one hundred years, Fischer Lumber Company will acquire the exclusive right, allegedly without competitive bidding, to purchase and harvest all timber and forest products from the Unit.

The plaintiffs allege that the proposed contract by its terms is monopolistic, contrary to the anti-trust laws of the United States, is against public policy and is not in accord with but is contrary to the intent of Congress as exemplified by the Acts of

Frank B. Reid, of Eugene, Or., and Ray G. Brown, of Portland, Or., for plaintiffs.

Henry L. Hess, U. S. Atty., and Floyd D. Hamilton, Asst. U. S. Atty., both of

---

[1] The present writer, a Circuit Judge of the Third Judicial Circuit, was designated to the Ninth Circuit by order of Mr. Chief Justice Vinson and subsequently designated to the District Court of the United States for the District of Oregon by Senior United States Circuit Judge Garrecht. See U.S.C.A. Title 28, §§ 17, 18, 19, 21, 22 and 23.

[2] See the Act of August 28, 1937, 50 Stat. 874, and, by way of general information, Oregon & C. R. Co. v. United States, 243 U.S. 549, 37 S.Ct. 443, 61 L.Ed. 890.

346

Congress referred to in the footnote,[3] save only the Act of August 28, 1937, 50 Stat. 874, referred to immediately hereinafter, and that if the contract be executed the individual plaintiff will be deprived of his livelihood and the employees at his saw mill will be deprived of their means of support. The plaintiffs assert also that the Act of August 28, 1937, pursuant to which it is alleged the Secretary of the Department of the Interior will enter into the proposed contract, is unconstitutional for various reasons which need not be detailed in this opinion. The corporate plaintiff states that one of its primary purposes is to oppose monopolies in the sale of public timber.

An answer was filed by Fischer Lumber Company. This alleges as a first defense that the amended complaint fails to state a claim against the Lumber Company on which relief can be granted. The defendants Krug, Davidson, Horning and Tyrrell filed a motion to dismiss the amended complaint as to them for various reasons; only the last of which (5) need be mentioned. The fifth ground for dismissal is that the action "is prematurely brought since the plaintiffs have not exhausted their administrative remedies and no justiciable controversy has been presented for determination."[4]

The plaintiffs then filed a motion for an interlocutory or preliminary injunction to restrain the defendants from entering into the proposed marketing agreement until the final determination of the issues raised in the instant proceeding. If the questions presented by the amended complaint be substantial, the disposition of the motion would require the convening of a three-judge court pursuant to Section 3 of the Act of August 24, 1937, 50 Stat. 752, U.S.C.A. Title 28, Section 380a, since the constitutionality of statutes of the United States is attempted to be put in issue. No order pursuant to the provisions of the section last cited has been entered by the Senior United States Circuit Judge of the Ninth Circuit (or by any presiding circuit judge thereof) designating two other Judges to hear the application for an interlocutory or preliminary injunction with the Judge to whom it was presented.[5] It is fundamental that the statutory procedure for the intervention of a three-judge court under Section 380a of Title 28 should not be invoked unless a substantial constitutional question is involved. Jameson & Co. v. Morganthau, 307 U.S. 171, 172, 59 S.Ct. 804, 83 L.Ed. 1189. Cf. the analogy presented where the challenge to the constitutionality of a State statute under Section 266 of the Judicial Code, U.S.C.A. Title 28, § 380 is deemed to be unsubstantial. See Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; California Water Service Company v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323, and Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. In the case at bar the substantial constitutional question or questions raised by the individual plaintiff cannot be reached by the court for the suit must be dismissed for the reasons set out hereinafter. It follows, therefore, that the

---

[3] See the Act of July 25, 1866, c. 242, 14 Stat. 239; the Act of March 3, 1869, c. 150, 15 Stat. 340; the Act of April 10, 1869, c. 27, 16 Stat. 47; the Act of February 26, 1919, c. 47, 40 Stat. 1179; the Act of July 13, 1926, c. 897, 44 Stat. 915; and the Act of August 28, 1937, c. 876, 50 Stat. 874.

See also the Regulations of the Department of the Interior pertaining to the sale of timber from the lands here involved, 43 CFR 115.25 et seq., and in particular §§ 115.26 to 115.34.

See also CFR, Cum.Supp., 115.36 et seq., and in particular §§ 115.94 to 115.-113, regulations dealing with the exchange of revested and reconveyed lands, and 43 CFR, 1945 Supp., 115.2 et seq.,

and in particular § 115.10, the section last cited relating to cooperative sustained-yield agreements.

[4] Secretary Krug and Assistant Secretary Davidson further moved the court for an order dismissing the action as to them on the ground that they are residents of the District of Columbia and the jurisdiction of district courts of the United States in actions in personam is limited to the district of which the defendant is an inhabitant. In the view that we take of the case it is unnecessary to discuss or dispose of this motion.

[5] The Honorable Claude McColloch, one of the Judges of the District Court of the United States for the District of Oregon.

convening of a statutory three-judge court to pass on the plaintiffs' application for an interlocutory injunction in the case at bar would be contrary to the principle of law enunciated by the Supreme Court in the Jameson decision. The instant case therefore may be disposed of by a single judge sitting in the District Court of the United States for the District of Oregon.

 The plaintiffs[6] have not stated a cause of action under the Declaratory Judgments Act, Section 274d of the Judicial Code, U.S.C.A. Title 28, § 400. They seek to have a projected contract, one not yet entered into, declared illegal. The Declaratory Judgments Act will not reach so far. The Act, of course, may be employed to determine the rights and liabilities of the parties to an existing contract and to procure a judicial interpretation of the provisions thereof as applicable to the parties. See Dickinson v. General Acc. Fire & Life Assur. Corporation, 9 Cir., 147 F.2d 396; Chicago Pneumatic Tool Company v. Ziegler, 3 Cir., 151 F.2d 784; Sanders v. Louisville & N. R. Co., 6 Cir., 144 F.2d 485. But there must be a case or controversy and a justiciable issue must be presented. Assuming a most liberal interpretation of the circumstances at bar and bearing in mind the remedial character and the congressional purpose of the Declaratory Judgments Act no justiciable controversy can be deemed to be present here. Tennessee Coal Iron & Railroad Co. v. Muscoda Local No. 123, 5 Cir., 137 F.2d 176, affirmed 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014.

Under the circumstances of the instant case, as the plaintiffs must admit, there can be no certainty that the proposed marketing agreement will ever be entered into by the United States or by Fischer Lumber Company. Final administrative action has not yet been taken and no contract or agreement has as yet been submitted to Fischer Lumber Company or, so far as appears, even finally drafted. Indeed, it is clear from the record that some of the provisions of a contemplated contract were still under consideration by the Department of the Interior on January 20, 1948, when the suit at bar was filed, for as late as January 21, 1948 an official hearing was held[7] at Eugene, Oregon, respecting a proposed marketing agreement for the Mohawk River Unit. Official administrative action respecting the substance of the contract had not been taken at the time of the commencement of the instant suit, or even at the time of the hearing before this court on May 7, 1948. We are unaware of any final action taken by the Department of the Interior to cause a contract to be executed. The term of the contract when finally submitted for execution may not be for a hundred years as the plaintiffs fear, but may be for a much shorter period. Perhaps, if the term is only three or five years, the objections voiced by the plaintiffs may disappear. The contract in its final form may contain provisions which the plaintiffs may deem to be entirely unobjectionable. The whole subject matter is one which remains conjectural until some final and conclusive action is taken by the Department of the Interior.

 Congress has seen fit to confide the management and conservation of the forest lands of the United States to the Department of the Interior. The disposition of forest products from the Mohawk River Unit lies peculiarly within the purview of the Department of the Interior which, as a matter of law, is charged with its administration and conservation. The plaintiffs propose that this court should enjoin an administrative process not yet brought to fruition. Only when circumstances demonstrate that irreparable harm and injury will occur to an individual by reason of the application of an unconstitutional law or by the illegal application of a statute otherwise valid will a district court of the United States, sitting in equity, restrain an executive agency of the United States acting within the scope of apparent authority. This principle was enunciated by the Supreme Court of the United States in Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199,

---

6 I will assume arguendo that the corporation plaintiff has locus standi.

7 See 12 F.R. 8701.

82 L.Ed. 276 and is applicable here. The possibility of irreparable harm and injury occurring to the plaintiffs in the case at bar is presently remote. If and when a marketing agreement relating to this or other forest lands of the United States within the State of Oregon, which the plaintiffs conceive to be illegal and of such a character that it will endanger their interest, is actually executed by the United States and a lumber company, it will then be an appropriate time for the plaintiffs to move to enjoin its consummation and to test its legality.

The remaining questions raised by the parties do not require discussion.

The action must be dismissed. An order to such effect will be entered.