Andrew G. GRUTKA, as Bishop of the
Catholic Diocese of Gary,
Indiana, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Region 13, Lay Teachers
Federation of Gary Diocese, American
Federation of Teachers, Respondents.

No. H 75–251.

United States District Court,
N. D. Indiana,
Hammond Division.

Feb. 12, 1976.

O'Connor & Weigle, Hammond, Ind., Ball & Skelley, Harrisburg, Pa., for petitioner.

Abigail Cooley, Washington, D. C., Alex V. Barbour, Lawrence A. Poltrock, Chicago, Ill., for respondent.

## ORDER AND MEMORANDUM

ALLEN SHARP, District Judge.

The Court is presented with a motion to dismiss filed by the defendant, National Labor Relations Board, pursuant to Federal Rules of Procedure 12(b). The Court has studied the memoranda filed by both plaintiff and defendant, and GRANTS the defendant's motion to dismiss.

The Court assumes jurisdiction pursuant to 28 U.S.C., § 2284.

## FACTS

On October 21, 1975 plaintiff, Andrew G. Grutka, Bishop of the Catholic Diocese of Gary, Indiana, was informed by a priest, under the ecclesiastical jurisdiction of plaintiff, that he had been served with a petition for certification of representation by the National Labor Relations Board, Region 13, along with a notice of representation hearing to be held by the Board. On October 24, 1975, plaintiff filed with the Board a motion for continuance followed on October 28, 1975 by a motion to dismiss. On October 30, 1975 the Board granted the motion for a continuance, but in a subsequent ruling on November 5, 1975 denied plaintiff's motion to dismiss. On November 6, 1975 plaintiff was notified that some 49 of the pastors of the Catholic parishes in the Diocese of Gary were served with a second amended petition for certification of representation. Plaintiff then petitioned this Court to convene a three judge court pursuant to 28 U.S.C., § 2284 and to grant a temporary restraining order. Plaintiff's petition along with a supplemental motion to convene a three judge court, alleges that Chapter 7 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq., and all rules and regulations promulgated pursuant thereto, as applied by the defendants, constitutes a violation of the rights of plaintiff under the establishment and free exercise clauses of the First Amendment of the Constitution, as well as a violation of plaintiff's rights guaranteed by the Fifth and Ninth Amendments of the Constitution of the United States.

On November 17, 1975 this Court granted plaintiff's request for a temporary restraining order enjoining the defendants in this case from taking further action in the Board's proceedings entitled United States of America, National Labor Relations Board, Diocese of Gary, Indiana, Employer, and Lay Teachers Federal of Gary Diocese, American Federation of Teachers, petitioner, case number 13–RC–13855, "Representation Petition", and case number 13–CA 14813, "Charge against Employer", and in the Catholic Schools of the Diocese of Gary until further order of this Court.

The defendant, National Labor Relations Board, filed a motion to dismiss plaintiff's motion to convene a three judge court pursuant to Federal Rules of Civil Procedure 12(b), alleging lack of subject matter jurisdiction, or, in the alternative to grant summary judgment in its favor.

## ANALYSIS AND CONCLUSIONS

In its memorandum in support of its motion to dismiss the National Labor Relations Board alleges that this Court is without subject matter jurisdiction. In support of this contention the defendant, National Labor Relations Board, goes to great lengths in presenting the argument, with cases in support thereof, that only under extraordinary circumstances does a district court have the power to review the Board's representation proceedings. The Board has failed to carefully peruse plaintiff's application to convene a three judge court. In his motion, plaintiff alleges not only that the Board's representation proceedings are unconstitutional but he also alleges the enabling statute itself, the

Labor Management Relations Act, is unconstitutional as applied. Such an allegation, along with his request for equitable relief, takes plaintiff's motion outside of the Board's argument and makes it an application to convene a three judge court under 28 U.S.C., § 2282. Once such an application is made a district judge, sitting alone, has the power to initially determine whether the complaint formally alleges a basis for equitable relief, whether the constitutional question presented is substantial and whether the case presented otherwise comes within the requirements of the applicable three judge statute. *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

■ The Board further argues that plaintiff's application fails to satisfy the requirements of 28 U.S.C., § 2282, in that it basically seeks to challenge, not the Labor Management Relations Act, but the administrative decision of the National Labor Relations Board. In this conclusion this Court must concur.

■■ To enjoin the enforcement of a federal statute under the three judge court legislation, petitioner must seek to restrain the enforcement, operation or execution of any Act of Congress repugnant to the Constitution of the United States. See 28 U.S.C., § 2282. In construing the three judge court legislation the courts have long since held that these statutes must be read not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such. *Mitchell v. Donovan*, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); *Swift & Co. v. Wickham*, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); and *Phillips v. United States*, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1940). In following this strict interpretation of the act the Courts have generally held that a three judge court need not be convened merely to hear constitutional challenges to federal administrative action as distin-

guished from Acts of Congress. *Jameson and Co. v. Morgenthau*, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1938); *National Student Association v. Hershey*, 134 U.S.App.D.C. 56, 412 F.2d 1103 (1969); *Sardino v. Federal Reserve Bank of New York*, 361 F.2d 106 (2d Cir. 1966); *Anderson v. Internal Revenue Service*, 371 F.Supp. 1278 (D.C.Wyo. 1974).

The plaintiff, in his memorandum, argues that no action thus far taken by the National Labor Relations Board is the formal object of his complaint. Instead, plaintiff contends that his application to convene a three judge court is directed at the constitutionality of the Labor Management Relations Act as applied. In support of his argument plaintiff cites *Flast v. Cohn*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), *Zemel v. Rusk*, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1964).

Plaintiff's memo arguments do not correlate well with his application to convene a three judge court. In paragraphs 11 and 12 of plaintiff's application for temporary restraining order and for a preliminary and permanent injunction filed with this Court on November 10, 1975 reference is made to the actions of the National Labor Relations Board in attempting to take jurisdiction over plaintiff's schools. Such action plaintiff alleges constitutes an excessive entanglement of government and religion in violation of the First Amendment to the Constitution of the United States. In a supplemental motion to convene a three judge court filed with this Court on November 20, 1975 plaintiff again notes that it is the action of the National Labor Relations Board in attempting to enforce, operate, and execute the Labor Management Relations Act that constitutes a violation of plaintiff's First Amendment rights as well as a violation of his rights guaranteed by the Fifth and Ninth Amendments to the Constitution of the United States. Clearly, it is the acts of the Board that are the formal object of plaintiff's complaint. As outlined above, an application to enjoin such

actions of a Federal Administrative Agency is not sufficient to convene a three judge court.

In spite of petitioner's own description of the problem as occurring as a result of administrative action, he still maintains that his application is directed at the Labor Management Relations Act as applied. Yet nowhere in his complaint does he assail a provision of the act as giving rise to a constitutional problem. Instead, he cites *Zemel* and *Flast* as authority for his position that by merely alleging an act to be unconstitutional as applied a three judge court must be convened. A close examination of both *Zemel* and *Flast* reveals that neither case supports plaintiff's position. In *Zemel* the appellant specifically attacked the Passport Act of 1926 and § 215 of the Immigration and Nationality Act of 1952 on the grounds that they contain no standards and are therefore an invalid delegation of legislative power. The Supreme Court held this allegation cannot be brushed aside as an attack upon the actions of the Secretary because in arguing invalid delegation, appellant has quite clearly assailed the statutes themselves. In *Flast*, where *Zemel* was cited as controlling authority, appellant's constitutional attack focused on the statutory criteria which state and local authorities must meet to be eligible for federal grants under § 205 of the Elementary and Secondary Education Act of 1965. Thus, although the appellants in *Flast* challenged the constitutionality of administrative action taken under the act, they also *clearly* challenged the act itself. Nowhere in his application or supplemental motion to convene a three judge court does the plaintiff in this case clearly assail the act itself. Instead, plaintiff merely alleges the Labor Management Relations Act is unconstitutional as applied by the National Labor Relations Board without making a constitutional attack upon any provision of the act. Such an approach would, as the court concluded in *Sardino v. Federal Reserve Bank of New York, supra,* improperly require cumbersome three judge court procedure in cases where the court would be bound to interpret the legislative mandate as not authorizing the administrative action and leave the constitutionality of the Act of Congress untouched.

Further, the granting of plaintiff's application would permit anyone, against whom federal administrative action appears to be unconstitutional, to convene a three judge court by merely alleging the enabling statute to be unconstitutional as applied. Such is not the intent of 28 U.S.C., § 2282, which the courts, as outlined above, have held must be strictly construed. Nor can it be said the Supreme Court intended such a result with its precedent setting decision in *Zemel* where it upheld the granting of a three judge court only after a showing that appellants had *clearly* assailed the statutes themselves.

Finally, because petitioner has failed to clearly assail an Act of Congress as required by 28 U.S.C., § 2282, this Court need not reach the question of whether plaintiff has presented a substantial constitutional question and instead must deny his application to convene a three judge court.