HAGEL, Judge,
concurring in part and dissenting in part:
I join in the Court’s opinion to the extent that it overrules the Court’s precedents that “can be read to support the proposition that a Board finding [of fact] cannot be clearly erroneous unless the evidence against that finding is uncontrovert-ed.” Ante at 147. Reversal is not limited to instances where the evidence is uncon-troverted in an appellant’s favor — that limitation sets the bar prohibitively high. Rather, this Court can reverse a Board finding of fact when the Court possesses “a definite and firm conviction that a mistake has been committed.” Hersey v. Derwinski, 2 Vet.App. 91, 94 (1992) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). It is unfortunate that the uncon-troverted-evidence standard has crept into our jurisprudence, and I am pleased that the Court today emphatically eradicates that errant standard. That said, for the reasons provided below, I dissent from the Court’s conclusion that VA medical opinions ordered by the Board pursuant to VA regulation 38 C.F.R. § 20.901(a) (2004) are exempt from an appellant’s statutory right to “one review on appeal to the Secretary” provided for in 38 U.S.C. § 7104(a).
In Disabled American Veterans v. Secretary of Veterans Affairs, the Federal Circuit invalidated VA regulation 38 C.F.R. § 19.9(a)(2) (2002) because that regulation would have allowed the Board, “the only appellate tribunal under the Secretary,” “to gather and consider evidence *153 that had not been before the regional office without having to remand the case to the regional office ‘for initial consideration and without having to obtain the appellant’s waiver.’ ” 327 F.3d 1339, 1347 (Fed.Cir.2003) [hereinafter DAV v. Sec’y ]. The Federal Circuit based its finding on section 7104(a), which provides that “all questions in a matter which ... is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary” and because, in its view, “[w]hen the Board obtains evidence that was not considered by the [regional office] and does not obtain the appellant’s waiver, ... an appellant has no means to obtain ‘one review on appeal to the Secretary’ because the Board is the only appellate tribunal under the Secretary.” Id. In reaching this decision, the Federal Circuit then stated, in what can be characterized fairly as dicta, as follows:
Furthermore, we note that when Congress intended to authorize the Board to obtain additional evidence without “one review on appeal to the Secretary,” it knew how to do so. Congress has provided express statutory authority to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases. See, e.g., 38 U.S.C. § 5107(a) (2000) (authorizing Board to obtain medical opinions from the VA’s Under Secretary for Health (formerly the Chief Medical Director)); 38 U.S.C. § 7109 (2000) (authorizing Board to obtain independent medical opinions from outside the VA); 38 C.F.R. § 20.901(a) (2002) (authorizing Board to obtain opinions from the Veterans Health Administration); 38 C.F.R. § 20.901(b) (authorizing Board to obtain medical opinions from the Armed Forces Institute of Pathology).
Id. at 1347-48 (emphasis added). In other words, the Federal Circuit in DAV v. Sec’y instructed us that the Board is prohibited from considering in the first instance evidence without either obtaining an appellant’s waiver of regional office consideration of that evidence or express statutory authority to consider such evidence in the absence of a such a waiver.
First, I note that 38 U.S.C. § 5107(a) (2000) did not expressly authorize the Board to obtain medical opinions from VA’s Under Secretary for Health and that the majority appears to concede as much. See 38 U.S.C. § 5107(a) (2000) (providing, prior to the enactment of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096, that “[t]he Secretary shall assist sueh a claimant in developing the facts pertinent to the claim”); ante at 139 (“[W]e note that section 5107(a) does not expressly authorize the Board to obtain or secure medical opinions”). I also note that VA is not Congress and that the regulation cited to by the Federal Circuit, 38 C.F.R. § 20.901(a) and (b), cannot support the proposition for which they are cited, namely that “Congress has provided express statutory authority to permit the Board to obtain additional evidence, such as expert medical opinions in specific cases.” DAV v. Sec’y, 327 F.3d at 1347; see William Jameson & Co. v. Morgenthau, 307 U.S. 171, 173-174, 59 S.Ct. 804, 83 L.Ed. 1189(1939) (noting that an administrative regulation does not equate to an Act of Congress).
As for section 7109, it appears that that statute is the only authority cited to by the Federal Circuit that can even arguably support the proposition that Congress permitted the Board to obtain expert medical opinions and to consider such evidence in the first instance without entitling an appellant to “one review on appeal to the Secretary.” 38 U.S.C. § 7104(a). Nevertheless, even assuming for the sake of argument that Congress, in enacting section 7109, carved out an exception to the *154 right of an appellant to one review on appeal to the Secretary, in my view Mr. Padgett’s case does not implicate section 7109. The only way the majority can conclude that § 20.901 establishes an exception to section 7104 is to conclude that section 7109 provides adequate congressional authority for this regulation. Because the majority’s decision is premised on the conclusion that section 7109 provides authority for the Board to obtain and consider VA medical opinions in addition to independent medical opinions, I cannot concur in that portion of the Court’s opinion. Further, whether section 7109 establishes an exception to the principle expounded in DAV v. Sec’y in cases where independent medical opinions are requested and, if so, the parameters of such an exception would be more appropriately examined in a case where those issues are squarely presented. This is not such a case.
The majority’s conclusion to the contrary turns solely on the existence in section 7109(a) of the nonessential phrase “in addition to that available within the Department.” Ante at 141. In my view, the majority, in its rush to analyze the evidence and reach a conclusion with which I am in sympathy, has adopted an interpretation of section 7109 that stretches the phrase “in addition to that available within the Department” too far. Congress, in section 7109 itself and in the legislative history underlying that statute, merely recognized that there existed, at the time that that statute was enacted, preexisting authority for the Board’s practice of obtaining VA medical opinions — such authority was not vested in the Board by section 7109. The Senate committee’s statement makes clear that “ample authority” for the Board’s practice of securing a medical opinion from within VA already existed at the time of section 7109’s enactment and that the Senate version of the bill, which ultimately became what is now section 7109, was therefore making “no reference to the Board securing an advisory opinion from the Chief Medical Director of VA.” S.Rep. No. 87-1844 (1962), reprinted in U.S.C.C.A.N. 2585, 2586. In that regard, I note the existence of 38 U.S.C. § 212 (1962), which provided the Administrator (now the Secretary) with the authority “to assign duties ... to such ... employees as he may find necessary.” It is beyond my comprehension that Congress would pass a statute whose purpose was to authorize that which was already authorized and to provide authority for a practice already supported by ample authority.
Artfully casting Congress as having “approved” of a preexisting practice or as having “sanctioned” such a practice does not transform what is in essence a recognition of then-preexisting authority into an instrument that grants such authority. See Ante at 141. As I read section 7109 and its legislative history, that section did one thing and one thing only; it authorized the Board to obtain medical opinions from experts who were independent of VA. The initiation of the legislative process that culminated in the passage of what is now section 7109 was motivated by a desire to combat a perception of VA bias and to “inspire, in the veteran, the confidence that his claim is receiving objective consideration.” 108 Cong. Rec. H5518 (Apr. 2, 1962) (statement of Rep. Lane). For that reason, in addition to those stated above, it strikes me as improvident to cite the very statute that authorized the Board to procure non-VA medical opinions as the authority for the Board to obtain VA medical opinions. That said, I do not question whether the Board is permitted to obtain VA medical opinions; I simply express my opinion that the authority vested in the Board by § 20.901(a) is not rooted in section 7109 but elsewhere, for instance *155 § 20.901 cites as authority 38 U.S.C. § 5103A(d) in addition to section 7109. Because I do not believe that section 7109 is the authority that permits the Board to obtain VA medical opinions, because I see no reason to believe that section 5103A(d) establishes an exception to section 7104(a), and because no other statutory authority has been advanced that would permit the Board to consider in the first instance Board-ordered VA medical opinions, an exception to section 7104(a)’s grant of “one review on appeal to the Secretary” is not implicated in the instant case. Absent such an exception, the Federal Circuit’s decision in DAV v. Sec’y compels me to conclude that before the Board can consider a VA medical opinion that it orders pursuant to § 20.901, it must either obtain the claimant’s waiver of regional office consideration of that evidence .or remand the matter for regional office adjudication. DAV v. Sec’y, 327 F.3d at 1347.
The foregoing discussion leaves open the question of whether reversal is the appropriate remedy in this case. Reluctantly, I am compelled to conclude that it is not. Although I would tend to agree with the majority’s evaluation of the evidence, because the Board was not permitted to consider Dr. Biincow’s report without (1) Mr. Padgett’s waiver of regional office consideration of that evidence or (2) remanding the matter for regional office adjudication, the Board’s findings with respect to that report are void. It follows then that by evaluating Dr. Biincow’s opinion, the majority is engaged in factfinding in the first instance, which it is prohibited by law from doing. See 38 U.S.C. § 7261(c); Hensley v. West, 212 F.3d 1255, 1263 (Fed.Cir.2000) (stating that “appellate tribunals are not appropriate fora for initial factfinding”). If Mr. Padgett had wanted us to review the Board’s factual conclusions with respect to Dr. Blincow’s opinion, he could have so argued and could have waived regional office consideration of Dr. Blin-cow’s opinion. If he had done so before us, it would not be inappropriate for us to review the Board’s findings of fact with respect to that piece of evidence. However, he has not advanced such an argument nor made such a request. Specifically, he does not seek reversal based on a review of all of the evidence considered by the Board, but only a portion thereof — his argument for reversal is premised on his contention that the Court should exclude from consideration due to various alleged inadequacies or procedural defects VA medical opinions, including that of Dr. Blincow. Appellant’s Brief (Br.) at 16-26; Reply Br. at 6-7. He has never argued for reversal based on a review of all the evidence of record, i.e., the totality of the evidence relied upon by the Board in rendering its decision. Regarding waiver, he was well aware of his ability to waive his right to a remand in order to have the Court reach the merits of his claim. In fact, he specifically waived consideration of any potential error with respect to deficient notice under the Veterans Claims Assistance Act (Reply Br. at 1-2) and his representative reaffirmed the limited scope of that waiver when questioned on the subject during oral argument. Accordingly, this matter should be remanded to the Board and, in turn and absent a waiver by Mr. Padgett, by the Board to the regional office for initial adjudication based on the full- record and after appropriate regional office action the opportunity for “one review on appeal to the Secretary,” if Mr. Padgett should invoke that right in a timely fashion. 38 U.S.C. § 7104(a).