Brooks ROBINSON, Plaintiff,

v.

L. T. McALISTER et al., Defendants.

No. WC 6959.

United States District Court,
N. D. Mississippi, W. D.

March 24, 1970.

Kent Spriggs, Oxford, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the Court on defendants' motion to dismiss. Defendants assert that the Secretary of Agriculture is an indispensable party, and the Court is without jurisdiction of the subject matter, because the action is one against the United States, without its consent.

The plaintiff alleges that defendants, Committeemen of the Benton County, Mississippi Farmers Home Administration and the office supervisor of said Administration violated his rights under the Farmers Home Administration Act

of 1961, 7 U.S.C.A. § 1921 et seq.[1] and the Fifth Amendment to the Constitution of the United States.

Plaintiff asserts that defendants have foreclosed a prior deed of trust held by FHA, on plaintiff's property, which was brought about because of racial prejudice.

Plaintiff also contends that defendants acted in an arbitrary and capricious manner in determining that plaintiff was not eligible for a loan, thereby violating his rights under the FHA Act.

Plaintiff is a retired Negro farmer who resides in Benton County. He has received FHA loans in the past and is currently an applicant for a rural housing loan. FHA foreclosed on plaintiff's property in 1967. This action was taken by FHA because plaintiff defaulted in the payment of a loan which was outstanding at the time.

In the latter part of 1968 plaintiff sought a rural housing loan from FHA. Plaintiff's application for the loan was rejected by defendants because of his failure to fulfill the requirements of 7 C.F.R. § 1822.7(g) (6) which governs applicants who have suffered foreclosure by FHA.

■ The Court is of the opinion that defendants are not immune from a suit of this nature but that the Secretary of Agriculture is an indispensable party to the final disposition of the action.

It appears to the Court that plaintiff is actually seeking relief under 42 U.S.C.A. §§ 1471 et seq. wherein the primary concern is farm housing.

■ The Court feels that plaintiff is entitled to judicial review of his grievances under 5 U.S.C.A. § 701 et seq. In the case of Work v. United States ex rel. Rives,[2] the United States Supreme Court said:

"Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion. The duty may be discretionary within limits. He cannot transgress those limits, and if he does so, he may be controlled by injunction or mandamus to keep within them. The power of the court to intervene, if at all, thus depends upon what statutory discretion he has. Under some statutes, the discretion extends to a final construction by the officer of the statute he is executing. No court in such a case can control by mandamus his interpretation, even if it may think it erroneous. The cases range, therefore, from such wide discretion as that just described to cases where the duty is purely ministerial, where the officer can do only one thing which on refusal he may be compelled to do."

In the case of Switchmen's Union of North America v. National Mediation Board,[3] the United States Supreme Court said:

"Generalizations as to when judicial review of administrative action may or may not be obtained are of course hazardous. Where Congress has not expressly authorized judicial review, the type of problem involved and the history of the statute in question become highly relevant in determining whether judicial review may be nonetheless supplied."

In two recent cases the United States Supreme Court has emphatically endorsed liberal judicial review under the Administrative Procedure Act. One such case is Assn. of Data Processing Service Organizations, Inc. v. Camp.[4] In this case plaintiffs sold data processing services to businesses generally. Plaintiffs

---

1. This act is referred to in this opinion as the "FHA Act". The Farmers Home Administration is referred to as "FHA".

2. (1925), 267 U.S. 175, 177, 45 S.Ct. 252, 69 L.Ed. 561, 562.

3. (1943), 320 U.S. 297, 301, 64 S.Ct. 95, 97, 88 L.Ed. 61, 64.

4. 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970.

challenged a ruling by defendant, Comptroller of the Currency, that, as an incident to their banking services, National Banks, including defendant American National Bank & Trust Company, were authorized to make data processing services available to other banks and to bank customers. The District Court dismissed the complaint for lack of standing of plaintiffs to bring the suit and the Court of Appeals for the Eighth Circuit affirmed. In reversing the lower courts, the United States Supreme Court said:

"The Administrative Procedure Act provides that the provisions of the Act authorizing judicial review apply 'except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.' 80 Stat. 392, 5 U.S.C. 868, § 701(a).

In Shaughnessy v. Pedreiro, 349 U. S. 48, 51, 75 S.Ct. 591, 593–594, 99 L.Ed. 868, we referred to 'the generous review provisions' of that Act; and in that case as well as in others (see Rusk v. Cort, 369 U.S. 367, 379–380, 82 S.Ct. 787, 794–795, 7 L.Ed.2d 809) we have construed that Act not grudgingly but as serving a broadly remedial purpose.

We read § 701(a) as sympathetic to the issue presented in this case. As stated in the House Report:

'The statutes of Congress are not merely advisory when they relate to administrative agencies, any more than in other cases. To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold review.' H.R.Rep.No.1980, 79th Cong., 2d Sess. 41." [5]

In the case of Barlow v. Collins,[6] the question before the court was whether tenant farmers eligible for payments under the Upland Cotton Program, enacted as part of the Food and Agriculture Act of 1965, had standing to challenge the validity of an amended regulation promulgated by the Secretary of Agriculture in 1966. The District Court held that the petitioners lacked standing to maintain the action against government officials because the officials had not taken any action which invaded any legally protected interests of plaintiffs. The Court of Appeals for the Fifth Circuit affirmed. 398 F.2d 398. The Fifth Circuit held that petitioners lacked standing not only because they alleged no invasion of a legally protected interest but also because petitioners had not shown any provision of the Food and Agriculture Act of 1965 which either expressly or impliedly gives standing to challenge the administrative regulation or gives the Court authority to review such administrative action. The United States Supreme Court, in reviewing the case, said:

"It is, however, 'only upon a showing of "clear and convincing evidence" of a contrary legislative intent' that the courts should restrict access to judicial review. Abbott Laboratories v. Gardiner, supra, 387 U.S. at 141, 87 S.Ct. at 1511 [18 L.Ed.2d 681]. The right of judicial review is ordinarily inferred where congressional intent to protect the interests of the class of which the plaintiff is a member can be found; in such cases, unless members of the protected class may have judicial review the statutory objectives might not be realized." [7]

The Court does not find any indication in 42 U.S.C.A. § 1472 et seq. of an intention on the part of Congress to preclude a judicial review under the statute.

■ The Court finds that the Secretary of Agriculture is an indispensable party to this action and therefore must be joined as a party defendant. The

5. 90 S.Ct. at 831.

6. 396 U.S. ——, 90 S.Ct. 832, 25 L.Ed. 2d 192 (1970).

7. 90 S.Ct. at 838.

Fifth Circuit clearly expressed the general rule in the case of Simons v. Vinson,[8] which was an action by certain landowners against federal agencies, the agencies' oil and gas lessees, and a pipeline company and purchaser from lessees to quiet title to alleged accreted land held and administered as public land. The lower court dismissed the action holding the United States was an indispensable party and had not consented to be sued. The court said:

> "Generally, the relief sought nominally against an officer is against the sovereign if the decree would operate against the sovereign. * * * For, as stated in Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed. 2d 15 (1963):
>
> > 'The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." '
>
> The only two exceptions to this general rule are: '(1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void.' " [9]

This right to sue a federal officer for an unconstitutional use of constitutional powers must be balanced with the relief sought.

The issue in the case sub judice appears to be controlled by the case of Payne v. Fite.[10] This was an action by Judge B. Fite against J. Howard Payne, Postmaster, Dallas, Texas, for a mandatory injunction to require the defendant to correct alleged discrimination in mail service to business areas. Plaintiff bottomed his claim to federal jurisdiction on 28 U.S.C. § 1339 and on the line of cases holding that suit may be brought against a subordinate officer alone when the act complained of is an invasion or denial of a right of the person sued, and the decree will not require the superior officer to take action but will effectively grant the relief desired by expending itself on the subordinate officer who is before the court. Alleging that the Postmaster, in violation of the Fifth Amendment and of the directions of the Postmaster General, was discriminating in respect of mail service against him and the business area in favor of another business section, plaintiff sought a mandatory injunction to require the defendant to correct such discrimination. The defendant contended that the Court did not have jurisdiction of the cause to direct the manner in which executive discretion and judgment of officers of the United States are or shall be, exercised, and that the Postmaster General was an indispensable party and the suit could not proceed without him. The District Court issued a permanent injunction and the Court of Appeals for the Fifth Circuit reversed saying:

> "Undertaking as it did to deal with, to direct, and to control, the carrying out of policies of the United States in respect to its postal services, it was in substance and in fact a suit against the United States. The judgment, if effective, would have controlled the executive branch in the discretionary exercise of duties imposed, of functions conferred, upon it, and this being so, the United States not having consented to be sued, the suit was not maintainable.
>
> It is clearly settled that an officer of the United States who unlawfully undertakes to deprive a citizen of a right is subject to suit in his personal capacity to prohibit him, or compel him to desist, from doing so. It is equally well settled that where the suit

8. 394 F.2d 732 (5 Cir. 1968).

9. 394 F.2d at 736.

10. 184 F.2d 977 (5 Cir. 1950).

is not against him personally but to control or direct his action as an officer of the United States in respect of matters confided to his discretion, the suit is one against the United States and may not be maintained without its consent to be sued. * * * [11]

Further, if the suit was not a suit against the United States as such, it still was one seeking a decree to control the actions of the Postmaster General. That officer was therefore an indispensable party and suit could not properly proceed without his presence." [12]

In *Payne* the Fifth Circuit Court went on to say that the Fifth Circuit has never held nor could it hold that:

"in regard to matters confided to the discretion of the superior where the relief sought would require him to take action either by exercising directly power lodged in him or by having a subordinate exercise it for him, that a suit can be maintained, to control or direct action in such matters, against a subordinate alone without making the superior a party. The suit, if not a suit against the United States, as we think it is, is certainly a suit requiring the presence as an indispensable party of the Postmaster General, and it could not have been properly maintained without him." [13]

The plaintiff in the case sub judice seeks to control the performance of discretionary duties conferred upon the Secretary of Agriculture by Congress and to do so through his subordinate officials. The Court finds that the Secretary of Agriculture is an indispensable party.

### ORDER

Pursuant to the opinion of the Court this day released herein, it is

Ordered:

1) That defendants' Motion to Dismiss this action shall be and the same hereby is sustained;

2) That this action shall be and the same hereby is dismissed, unless plaintiff shall, within thirty days from the date hereof, make the Secretary of Agriculture of the United States a party defendant hereto.