Robert HOFFMAN and wife, Joanna Hoffman, Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants-Appellees.

No. 74–1882.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1975.

Rehearing Denied Nov. 3, 1975.

Malcolm L. Hughes, Wichita Falls, Tex., for plaintiffs-appellants.

Duncan Boeckman, Dallas, Tex., amicus curiae, for Federal Nat'l Mortgage Assoc.

Frank D. McCown, U. S. Atty., William L. Johnson, Asst. U. S. Atty., Fort Worth, Tex., John L. Hill, Atty. Gen., State of Tex., Robert W. Gauss, Asst. Atty. Gen., Austin, Tex., James T. Lynn, Sec. of Housing & Urban Dev., U. S. Dept. of Housing & Urban Dev., Wallace H. Johnson, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Keith Nelson, Wichita Falls, Tex., Carl Strass, John J.

**1162**

Zimmerman, Attys., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before RIVES, GEWIN and GOLDBERG, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from a final judgment sustaining defendants' motion to dismiss for failure of the plaintiffs to state a claim within the jurisdiction of the district court, and also denying plaintiffs' request for the convening of a three-judge court.

We may consider the undisputed facts alleged in the complaint and disclosed in the hearing on plaintiffs' motion for a preliminary injunction.[1] With the assistance[2] of the Secretary of Housing and Urban Development (the Secretary), the Hoffmans purchased a low-income family home. For the $17,750 purchase price, the Hoffmans executed a promissory note to Ryan Mortgage Company (Ryan) secured by a deed of trust containing a power of sale in the event of default. To cover principal, interest, insurance and taxes, the Hoffmans agreed to pay $106.16 per month and the Secretary was to pay $68.42 per month. Ryan sold the purchase money note and the beneficial interest in the deed of trust to the Government National Mortgage Association (GNMA). Thereafter, Ryan, as service agent for GNMA, continued collecting from the Hoffmans. The Hoffmans made their monthly payments through September, 1972, but failed to make any further payments after that date.

Beginning on October 20, 1972, Ryan sent monthly notices of delinquency to the Hoffmans. The second notice suggested that if the Hoffmans were not able to pay, they might sell the property to a third party who could make the payments. The third notice indicated that continued delinquency could result in foreclosure and requested the Hoffmans to call Ryan. The fourth notice, dated January 15, 1973, informed the Hoffmans that, unless the delinquency was cured, the property would be posted on February 12, 1973, for foreclosure sale to be held March 6, 1973, and again requested a call from the Hoffmans. On February 15, 1973, Ryan mailed three letters to the Hoffmans, each giving notice that the property had been posted on February 12, 1973, for foreclosure sale on March 6, 1973. One of these letters was sent by "Certified Mail" and informed the Hoffmans that the sale would be held on March 6. One of the other letters, showing an itemization of the amount due, informed the Hoffmans that as of that date a total of $619.28 was necessary to bring their loan current and avoid foreclosure and suggested telephonic contact. The notices were posted and the sale was held on the date specified. The substitute trustee sold the property at public auction to GNMA. About two days after the foreclosure sale, Ryan received through the mails from Robert Hoffman a cashier's check for $619.28 payable to Ryan Mortgage Company. Ryan returned the check to Hoffman because the property had been sold at foreclosure before the check was received.

GNMA conveyed title to the Federal Housing Administration (FHA). The premises were repaired in preparation for a public sale by FHA on September 1, 1973. On August 15, 1973, the Hoffmans filed the complaint in this case.

The Hoffmans moved for a preliminary injunction to halt the scheduled FHA sale. The district court, after a

1. *Goosby v. Osser,* 1973, 409 U.S. 512, 521 n. 7, 93 S.Ct. 854, 35 L.Ed.2d 36, citing *inter alia* *Boddie v. Connecticut,* 1971, 401 U.S. 371, 373, 91 S.Ct. 780, 28 L.Ed.2d 113.

2. Provided under section 235, HUD Act of 1968, 12 U.S.C. § 1715z.

hearing, granted the preliminary injunction, the Judge indicating that he would re-examine the propriety of the injunction when he could "see what the Defendants' real position is." After considering additional pleadings, motions to dismiss and memoranda, the district court entered its final judgment of dismissal from which this appeal is prosecuted. The questions to be decided are (1) whether the district judge properly declined the request to convene a three-judge district court, and (2) whether the Hoffmans' complaint states a claim, cognizable in the federal courts, upon which relief can be granted. We answer question (1) in the affirmative and question (2) in the negative, thereby affirming the holding of the court below.

I. *Three-Judge Court.*

■ a. 28 U.S.C. § 2281 requires the convening of a three-judge district court when a plaintiff seeks "[a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute. . . ." As the language of the statute discloses, Congress intended this special judicial treatment only in cases where injunctive relief was sought against an officer of the state. Although the Governor and Attorney General of Texas are named as nominal parties defendant in this case, the contro-

versy does not involve their attempt to enforce the statute in question.[3] Here, the statute regulates rights among private parties and does not require enforcement by state officials for its effectuation. *See Bell Mining Co. v. Butte Bank,* 1895, 156 U.S. 470, 477–78, 15 S.Ct. 440, 39 L.Ed. 497. The Supreme Court has said:

". . . the requirement that the action seek to enjoin a state officer cannot be circumvented 'by joining, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute.' *Wilentz v. Sovereign Camp,* 306 U.S. 573, 579–580, 59 S.Ct. 709, 83 L.Ed. 994."

*Moody v. Flowers,* 1967, 387 U.S. 97, 102, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643. Since no attempt to restrain the action of any officer of the State of Texas is presented section 2281 does not require the convening of a three-judge court. *Accord, Law v. United States Department of Agriculture,* N.D.Ga.1973, 366 F.Supp. 1233; *Gibbs v. Titelman,* E.D.Pa. 1973, 369 F.Supp. 38.

■ b. 28 U.S.C. § 2282 requires a three-judge district court in any action seeking to restrain the enforcement, operation, or execution of any Act of Congress for violation of the United States Constitution. The provisions of § 2282 have not been read as parallel to those of § 2281. While § 2281 mandates a three-judge court to hear challenges to

---

**3.** The state statute under attack is Art. 3810, Texas Revised Civil Statutes, which reads:

"All sales of real estate made under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county, and such notice shall designate the county where the real estate will be sold. Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be made at the courthouse door

of the county in which such sale is to be made, and if such real estate be in more than one county, one at the courthouse door of each county in which said real estate may be situated, or the owner of such real estate may, upon written application, cause the same to be sold as provided in said deed of trust or contract lien. Such sale shall be made at public vendue between the hours of 10 o'clock a. m. and 4 o'clock p. m. of the first Tuesday in any month. When any such real estate is situated in an unorganized county, such sale shall be made in the county to which such unorganized county is attached for judicial purposes."

Vernon's Ann.Civ.St. art. 3810.

state administrative orders, the same is not true under § 2282 for federal regulations. *William Jameson & Co. v. Morgenthau,* 1939, 307 U.S. 171, 173–74, 59 S.Ct. 804, 83 L.Ed. 1189. In line with this interpretation of § 2282, it is necessary to determine when a controversy does not involve an Act of Congress, but merely an administrative order. This is no easy task when one considers that regulations must be authorized by some statute. See Currie, *The Three Judge District Court in Constitutional Litigation,* 32 U.Chi.L.Rev. 1, 50–55 (1964). Professor Currie has suggested that the *Jameson* distinction between a federal administrative order and an Act of Congress "must turn upon the nature either of the administrative decision or of the plaintiff's attack." *Id.* at 53. Each complaint must be scrutinized on an individual basis, and the need for three judges determined by the breadth and object of the attack. *Id.* at 54.

In *Sardino v. Federal Reserve Bank of New York,* 2d Cir. 1966, 361 F.2d 106, *cert. denied,* 385 U.S. 898, 87 S.Ct. 203, 17 L.Ed.2d 130, Judge Friendly wrote that a three-judge court was not required when

"an Act of Congress confers authority on an administrator in general terms which could be read either to embrace or to exclude the challenged action, and application of the statute is clearly constitutional in certain cases but arguably not so in the administrative scheme under attack." 361 F.2d at 115.

*Accord, National Student Ass'n v. Hershey,* 1969, 134 U.S.App.D.C. 56, 412 F.2d 1103, 1124 n. 56 (the injunction sought would have left the statute wholly intact).

This controversy involves the foreclosure of a mortgage insured under the provisions of 12 U.S.C. § 1715z (commonly referred to as section 235; *see* 82 Stat. 477).[4] No provision is made in the statute for foreclosure of section 235 mortgages, but under HUD regulations, 24 C.F.R. §§ 235.201, 203.355, it is contemplated that the mortgagee will foreclose in the manner prescribed by the laws of the state of the situs of the mortgaged property. Upon acquiring good and marketable title to and possession of the property, the mortgagee must convey the property to the Federal Housing Commissioner to receive the benefits of the mortgage insurance, 24 C.F.R. §§ 235.201, 203.359–61. The mortgagee in this case is the Government National Mortgage Association (GNMA), a branch of the Department of Housing and Urban Development. GNMA foreclosed under the power of sale in the deed of trust as permitted by Texas law.[5] A decision restraining GNMA from foreclosing in this manner would leave intact the provisions of 12 U.S.C. § 1716 *et seq.* creating GNMA and 12 U.S.C. § 1715z providing for section 235 mortgage insurance and assistance payments. Since no Act of Congress has been challenged as unconstitutional, 28 U.S.C. § 2282 would not require the convening of a three-judge court to decide this controversy.

II. *Claim Upon Which Relief Can Be Granted.*

The original and supplementary complaints of the plaintiffs give no jurisdictional grounds or legal theories upon which relief can be granted; we have only the allegations that plaintiffs' property was taken contrary to the Four-

---

4. This section authorizes the Secretary of the Department of Housing and Urban Development (HUD) to make periodic assistance payments to mortgagees for the purpose of assisting lower income families in acquiring homeownership and to insure mortgages made by mortgagors meeting those eligibility requirements. Deeds of trust to secure the payment of money are treated the same as mortgages.

5. Regulations involving the operation of GNMA can be found at parts 300–390 of 24 C.F.R. These regulations, however, provide no specific provision outlining the procedures to be followed in foreclosing GNMA held mortgages.

teenth and Fifth Amendments to the United States Constitution.

■ The trial judge treated the complaint as seeking recovery under 42 U.S.C. § 1983 and dismissed for lack of state action. 371 F.Supp. 576, 578 (N.D. Tex.1974). We affirm this decision to dismiss, not on the basis of the troublesome issue of state action,[6] but for the more fundamental reason that the defendant here is not reached by this statute. While 42 U.S.C. § 1983 provides a federal cause of action against persons who violate an individual's civil rights under color of state law, *Monroe v. Pape,* 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, has held that a municipality is not a person within the meaning of the statute. Likewise, a federal agency is also excluded from the scope of section 1983 liability. *Accardi v. United States,* 3d Cir. 1970, 435 F.2d 1239, 1241 (the United States); *La Roughe v. City of New York,* S.D.N.Y.1974, 369 F.Supp. 565, 567 (CIA). A suit testing the foreclosure of a mortgage by GNMA (a federal agency) is therefore not a case where 42 U.S.C. § 1983 should be applied.

■ Plaintiffs' complaint would have been more correctly analyzed as an administrative law case. This was the approach taken in *Law v. United States Department of Agriculture,* N.D.Ga.1973, 366 F.Supp. 1233, involving a similar fact situation. In *Law,* the USDA attempted to foreclose on plaintiffs' real property under a contractual power of sale permitted by Georgia law. The court concluded that a claim for relief was provided in the case by 5 U.S.C. § 702 (the Administrative Procedure Act), which provides judicial review for persons aggrieved by agency action. 366 F.Supp. at 1236. *Accord, Robinson v. McAlister,* N.D.Miss.1970, 310 F.Supp. 370.

The court in *Robinson, supra,* treated 5 U.S.C. § 701 *et seq.* as granting not only a claim for relief but jurisdiction to hear the claim independent of other jurisdictional grounds. Although the Supreme Court has not passed upon the question, the majority view in the lower federal courts is that 5 U.S.C. § 701 *et seq.* merely addresses the scope of review available once jurisdiction is properly established by some other statutory grant. *See CCCO-Western Region v. Fellows,* N.D.Cal.1972, 359 F.Supp. 644, 646. In *Law v. United States Department of Agriculture, supra,* the court found waiver of sovereign immunity and jurisdiction for plaintiff's claim under 28 U.S.C. § 2409a, a provision permitting the federal government to be named as a party defendant in an action to adjudicate a disputed title to real property, and its jurisdictional implement, 28 U.S.C. § 1346(f). 366 F.Supp. at 1233. It also appears that jurisdiction existed under the general federal question statute, 28 U.S.C. § 1331, as the $10,000 jurisdictional amount is satisfied in this case and the controversy arises under the Constitution and laws of the United States.

■ The landmark case in administrative law dealing with procedural due process is *Goldberg v. Kelly,* 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287. In *Kelly,* the Supreme Court held that due process requires notice and an opportunity to be heard before a welfare recipient's benefits can be terminated. Assuming that due process would also require the federal government to give homeowners notice and opportunity to be heard before foreclosing their home, we believe that plaintiffs in this case clearly waived their right to be heard by their failure to respond to the notices of delinquency sent monthly beginning October 20, 1972, by Ryan Mortgage Company as agent of GNMA. These notices (letter of December 5, 1972, Exh. No. 4; letter of January 15, 1973, Exh. No. 5; letters of February 15, 1973, Exh. Nos. 1, 6, and

---

6. In *Barrera v. Security Building & Investment Corp.,* 5 Cir. 1975, 519 F.2d 1166, this Circuit has held that no state action was involved in a nonjudicial foreclosure by a private mortgageholder made pursuant to a power of sale and

to Art. 3810, Tex.Rev.Civ.Stat. In his opinion for the Court in that case, Judge Wisdom noted the holdings of a number of federal district courts to the contrary.

7) mailed to Mr. and Mrs. Hoffman at their home address, called repeatedly for telephone contact in order to clear up the matter of the delinquent payments. Neither Mr. or Mrs. Hoffman bothered to contact the agency, probably because there was no dispute as to the delinquency. Justice Harlan in *Boddie v. Connecticut,* 1971, 401 U.S. 371, 380, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 has said that, "[t]he State's obligations under the Fourteenth Amendment are not simply generalized ones; rather, the State owes to each individual that process which, in light of the values of a free society, can be characterized as due." By offering the Hoffman's this chance to explain their failure to make the mortgage payments prior to the foreclosure by sale, GNMA was providing the plaintiffs with all the process that we feel was due them under the circumstances. Accordingly, the judgment of the district court dismissing appellants' complaint is affirmed.

Affirmed.