**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Eddie WYNN and Lizzie H. Wynn,
Defendants-Appellees.**

No. 75–3145
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 18, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

H. Palmer Carr, Jr., Ronald T. Knight, Asst. U. S. Attys., Macon, Ga., Walter Kiechel, Jr., Act. Asst. Atty. Gen., Edmund B. Clark, Dirk D. Snel, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Alfred O. Bragg, III, Albany, Ga., David F. Walbert, John L. Cromartie, Jr., Atlanta, Ga., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges:

## PER CURIAM:

This is an appeal by the Farmers Home Administration (FmHA), a lending agency within the United States Department of Agriculture, from the district court's dismissal of its suit to evict defendants from land purchased by the FmHA at a non-judicial foreclosure sale. On March 8, 1971, Eddie and Lizzie Wynn obtained a rural housing loan from the FmHA, secured by an instrument entitled "Deed to Secure Debt for Georgia." By the terms of the deed, title to defendants' home was transferred to the United States. Additionally, defendants agreed that in the event of their default, the FmHA had the power to accelerate the indebtedness without affording prior notice.[1] In conformity with Georgia's statutory scheme for non-judicial foreclosure, the agreement provided for the FmHA to act as defendants' attorney to effect the foreclosure by selling the property at a public sale following advertisements in the county newspaper.

For approximately three years, defendants made payments in accordance with the mortgage agreement. By July 4, 1974, however, their account had become delinquent. On August 9, 1974, the FmHA sent a form letter entitled Acceleration of Your Account(s) to defendants stating that the entire balance of the loan was due and payable and advising that unless payment in full was received within 10 days, the government would proceed with foreclosure. The letter also invited defendants to contact the FmHA if they possessed information indicating that the government's proposed action was in error. The Wynns responded by writing to FmHA shortly thereafter. Their letter included inquiries about the cancellation of fire insurance and the resulting increase in payments and expressed hope that they would not lose their home.

Without subsequent correspondence with defendants, the FmHA then proceeded pursuant to Georgia law to publish notice over a period of several weeks and subsequently sell the property at a public foreclosure sale to the United States as highest bidder. On February 28, 1975, the government, as the new owner, instituted this eviction action in federal district court. Prior to answer, defendants resisted by moving to dismiss on the basis that the non-judicial foreclosure procedure employed by the government was constitutionally deficient. In a cryptic three-sentence order, the lower court granted defendants' 12(b)(6) motion. The court noted that "it appears to be quite doubtful that the plaintiff has complied with the requirements of

---

1. The pertinent section of the instrument provided:

    SHOULD DEFAULT occur in the performance or discharge of any obligation secured by this instrument, . . . the Government at its option, with or *without notice*, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable. . . . (Emphasis added.)

due process as now understood." The dismissal was ordered without prejudice to plaintiff's right to "begin anew the notice, acceleration, foreclosure and eviction process."

 In this court, the government objects to the dismissal as premature, claiming that the record does not conclusively establish that the procedure employed was necessarily constitutionally infirm. We agree. Before a court may dismiss a claim under Rule 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Even assuming that due process requires the federal government to give a homeowner notice and opportunity to be heard before accelerating his loan and foreclosing on his property, there are instances in which these rights can be waived. *See Hoffman v. United States Department of Housing and Urban Development*, 519 F.2d 1160, 1165 (5th Cir. 1975). By agreeing to the covenants in the deed pertaining to acceleration and the power of sale, the Wynns ostensibly waived their due process rights. *Law v. United States Department of Agriculture*, 366 F.Supp. 1233, 1239 (N.D.Ga.1973). Unless the court concluded that such waiver was ineffective, the plaintiff could not be penalized for failing to give adequate notice.

The question of the validity of a purported waiver turns on the facts of a particular case. *Compare D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) *with Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). The relative bargaining power of the parties, the borrower's ability to understand the provisions of the contract, and the clarity of the contractual language itself are some of the factors to be considered in deciding whether the lender may constitutionally forego prior notice and hearing. Absent such an inquiry, it is improper for the district court to presume that the government will be unable to demonstrate that defendants made a voluntary, intelligent and knowing waiver of their rights. To discharge its burden of proof on the waiver issue, the government is entitled to the opportunity to develop the facts surrounding defendants' execution of the deed. This may be done by means of affidavits pursuant to a motion for summary judgment or in any other manner the district court deems appropriate.

We intimate no view as to any part of the merits of this cause. However, in the event the district court finds no effective waiver present and reenters a judgment denying relief, an opinion which expressly delineates any constitutional deficits in the procedures followed by the FmHA in the present foreclosure might eliminate a second appeal and certainly would facilitate effective review of this important question.

Remanded.