**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Garney WHITE et al., Defendants-Appellants.**

No. 75–4258.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1976.

---

Alvin O. Chambliss, Oxford, Miss., David M. Madway, Natl. Housing & Economic Dev. Law Project, Frances E. Werner, Berkeley, Cal., for defendants-appellants.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., Peter R. Taft, Asst. Atty. Gen., Carl Strass and John J. Zimmerman, Attys., U. S. Dept. of Justice, Washington, D.C., Div. of Land & Natural Resources, Harry R. Silver and Leonard Schaitman, Attys., Rex E. Lee, Asst. Atty. Gen., Civ. Div., App. Sect., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before CLARK, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

This case is now before us on a petition for rehearing. In our initial determination, we affirmed the action of the district court by means of Local Rule 21. After consideration of the petition and a reexamination of the record, we grant the petition and remand this case to the court below.

In 1971 the Farmers Home Administration (FmHA) made a loan of $14,600 to the defendants Garney and Margie White to enable them to purchase a home in Pontotoc County, Mississippi. The loan was secured by a deed of trust that contained a power of sale by which the Whites waived their right to notice prior to foreclosure.

Having come upon bad times, the Whites fell in default. After notification of acceleration prompted no response, the FmHA instituted a non-judicial foreclosure as provided for by Mississippi law. *See* Miss.Code Ann. § 89–1–55. Notice of sale was posted at the Pontotoc County Courthouse and advertised for four consecutive weeks in a local newspaper. The foreclosure sale was held on May 13, 1974, the United States being the highest bidder.

The Whites refused to vacate the premises and the Government brought an eviction

proceeding in the United States District Court for the Northern District of Mississippi. By way of answer, the defendants averred that the procedure followed by the FmHA was unconstitutional in that it deprived them of a property interest without a prior due process hearing. In addition, they alleged that they had been given no opportunity to present certain statutory claims for hardship consideration. *See* Housing Act of 1949, § 505, 42 U.S.C. § 1475 (1970).

After receiving affidavits to which the defendant did not timely reply, the district court granted summary judgment in favor of the United States. In response, the Whites filed a motion to set aside the judgment. In denying this motion the court cited two Fifth Circuit decisions as dispositive of the instant case—*Hoffman v. HUD*, 519 F.2d 1160 (5th Cir. 1975), and *Barrera v. Security Building & Investment Corp.*, 519 F.2d 1166 (5th Cir. 1975).

*Barrera* is readily distinguishable from the situation at hand. Although *Barrera* did indeed concern a non-judicial foreclosure statute, that of Texas, only private parties were involved. *Hoffman* is more relevant. There we held, "Assuming that due process would . . . require the federal government to give homeowners notice and opportunity to be heard before foreclosing their home, we believe that plaintiffs in this case clearly waived their right to be heard by their failure to respond to the notices of delinquency sent monthly . . . ." 519 F.2d at 1165.

Since the trial court's disposition in this case, we have been presented with an almost identical fact situation in *United States v. Wynn*, 528 F.2d 1048 (5th Cir. 1976). There we stated, "By agreeing to the covenants in the deed pertaining to acceleration and the power of sale, the [mortgagors] ostensibly waived their due process rights. . . . Unless the court concluded that such waiver was ineffective, the [FmHA] could not be penalized for failing to give adequate notice." *Id.* at 1050.

After a rereading of the record, we are in doubt as to the basis of the trial judge's disposition of the case. Although he apparently isolated the issue before him as the constitutionality of the proceedings, he cited a decision resting on waiver to grant summary judgment for the Government. In addition, there was evidence before the court which would support a finding of waiver. Given our reluctance to decide constitutional issues unless they are directly presented and necessary for adjudication of a claim, we think it appropriate to vacate our initial affirmance and remand to the district court. On remand, the trial judge should determine, first, whether the defendants had waived any constitutional or statutory rights they may have had, and, second, if they had not, whether the procedure utilized by the FmHA passed constitutional muster and met federal statutory requirements.

PETITION FOR REHEARING GRANTED; REMANDED WITH INSTRUCTIONS.