**Charles E. VANCE et al., Plaintiffs,**

v.

**Joe CIRONE, etc., et al., Defendants.**

**No. CIV–2–78–122.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 29, 1978.

Bob McD. Green, Green & Green, Johnson City, Tenn., for plaintiffs.

John H. Cary, U. S. Atty., Knoxville, Tenn., and Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A United States magistrate of this district recommended that the undersigned judge deny the defendants' motion for a dismissal of this action on the grounds of lack of jurisdiction of the subject matter and of the failure of the plaintiffs to state a claim on which relief can be granted, Rules 12(b)(1), (6), Federal Rules of Civil Procedure. 28 U.S.C. § 636(b)(1)(B). Such recommendation was filed with the Court, 28 U.S.C. § 636(b)(1)(C), and no timely written objection to such recommendation was served and filed by the defendants. 28 U.S.C. § 636(b)(1). However, thereafter on December 28, 1978, the Court entered the agreed order of those parties, dismissing this action voluntarily and without prejudice as between the plaintiffs and the defendants Farmers Home Administration, U. S. Department of Agriculture (FHA), and the United States of America.

As the action in its present posture pends only as between the plaintiffs and the defendant Mr. Cirone, the title hereof hereby is AMENDED to *Charles E. Vance, et ux.,* plaintiffs, v. *Joe Cirone,* defendant. Even in the absence of an objection by the remaining defendant, consideration must be given to rejecting or modifying, in whole or

in part, the magistrate's recommendation. *Idem.*

 The plaintiffs alleged in their complaint that the wrongful actions were taken by Mr. Cirone in his capacity as an agent and employee of the FHA. They lay a constitutional and nonconstitutional ground for their claim against him for monetary damages in his individual capacity. Except for the constitutional ground, Mr. Cirone, under the circumstances alleged,[1] is immune from the plaintiffs' claim for monetary damages for mere mistakes in judgment, whether the mistake was one of fact or of law. *Butz v. Economou* (1978), 438 U.S. 478, 506, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895, 916[1c], cited in *Granger v. Marek, et al.,* C.A.6th (1978), 583 F.2d 781, 782–786. The aforementioned recommendation of the magistrate, therefore, hereby is MODIFIED, and the motion of the defendant Mr. Cirone for a dismissal of this action, for the failure of the plaintiffs to state a nonconstitutional claim against him on which relief can be granted, hereby is GRANTED.

The undersigned judge cannot say with the record in its present posture, even if an objection thereto had been served and filed, that the magistrate's recommendation is incorrect in so far as it relates to the constitutional claim of the plaintiffs. They claim that Mr. Cirone deprived them of due process of law under the Constitution, Fifth Amendment.

Due process is a constitutional right which may be waived. *Cf. e. g.* the familiar cases of *Miranda v. State of Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and *Fay v. Noia* (1963), 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. It might have been waived by the plaintiffs in their contract with the trustee under the aforementioned deed of trust. *Cf. United States v. Wynn,* C.A.5th (1976), 528 F.2d 1048, 1050[3]. Any such waiver, however, must have been effective, *i. e.,* voluntary, intelligent and knowing. *Idem.*

Except as indicated hereinabove, the recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), without prejudice to the remaining defendant to move for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the sole issue now remaining before this Court.[2] If the defendant claims such a knowing, voluntary and intelligent waiver, he should develop the facts surrounding the plaintiffs' execution of the deed of trust involved by means of affidavits or by other appropriate manner. *Cf. ibid.,* 528 F.2d at 1050[5].

---

1. The plaintiffs appear to have given Mr. Cirone authority to declare their property abandoned and to have authorized him, as an agent of the federal government through its agency FHA, to take possession of and operate that property.

2. Whether a genuine issue of material fact remains as to the claim of the plaintiffs of a constitutional violation by the defendant should receive adjudication before the parties go farther with this action.