RAU

v.

CAVENAUGH, et al.

No. CIV 78–5105.

United States District Court, D. South Dakota.

Nov. 6, 1980.

Mark Falk, Rapid City, S. D., for plaintiff.

Terry L. Pechota, U. S. Atty., and Shelley M. Stump, Asst. U. S. Atty., Sioux Falls, S. D. and Rapid City, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss. In 1975, Plaintiff and her husband, Darlene and Attila Rau, financed the purchase of a home in Sturgis, South Dakota, with a loan from the Farmers Home Administration (hereinafter FmHA). The Raus experienced difficulties in servicing their loan and Plaintiff's home. was eventually purchased by FmHA at a foreclosure sale on August 1, 1978.

In this action Plaintiff attacks the validity of the foreclosure sale of her home. She claims that the foreclosure procedures used by the FmHA violated her due process rights. Plaintiff asks to have the sale set aside.

### FACTUAL BACKGROUND

Plaintiff and her husband, on July 23, 1975, signed a promissory note, payable to the FmHA in the amount of $18,300. They also signed a real estate mortgage whereby the subject property was pledged as security for the Promissory Note and they signed an interest credit agreement which lowered their monthly payments from the scheduled $133 to $109 per month.

At the time the loan documents were signed, the Plaintiff had a high school education. Her husband was a Hungarian im-

migrant who had only an eighth grade education. The Raus also had four children. Furthermore, neither the Plaintiff nor her husband had ever purchased a home before.

The Raus signed the loan documents in the office of Mr. Dale Morman. Mr. Morman, a FmHA approved attorney, supervised the loan closing. It does not appear that Mr. Morman counseled Plaintiff about the specific provisions of the loan documents. In particular it does not appear that he advised Plaintiff about the effect of covenant 17 of the real estate mortgage.[1]

By 1978, Plaintiff and her husband were four payments in arrears and were having serious difficulty servicing their government subsidized home loan. Staff workers from the Rapid City office of the FmHA made a number of personal visits to the Plaintiff's home in Sturgis, South Dakota. On February 15, 1977, Mr. McCue, district director of the FmHA, hand delivered a collection letter to the Raus. The letter had been sent by certified mail and had been returned unclaimed by the postal service. On January 6 and 27, and on February 17, 1978, FmHA employees visited the Plaintiff's home to discuss the loan. Plaintiff and her husband were, however, unable to bring the loan to a current status.

On March 21, 1978, the FmHA sent Plaintiff a notice of acceleration and demand for payment. The notice was sent by certified mail and was returned unclaimed. On June 27, 1978, the FmHA sent, by certified mail, a notice of mortgage foreclosure to Plaintiff. This letter was also returned unclaimed to the FmHA. During the time from March through June of 1978, the Plaintiff and her husband worked during the day and thus were not generally at home when attempts to deliver certified mail would be made. It does appear that the Plaintiff's brother was at the house during this time, however, he was taking medication for cancer treatment and was sick and slept a great deal of the time.

Deposition of Darlene J. Rau, August 17, 1979, pp. 80–86 (hereinafter Rau deposition). In July, 1978, the FmHA published a notice of mortgage sale in the Sturgis Times. Plaintiff said she never read that paper and did not see the notice. It does not appear that from March 21, 1978 through July of 1978, the FmHA attempted to contact or notify the Plaintiff by telephone or even regular first class mail. In late July Plaintiff's husband deserted her and their four children. On August 1, 1978, the Meade County Sheriff sold Plaintiff's home to the FmHA. Plaintiff did not learn of the sale of her home until after August 1, 1978.

## DISCUSSION

In this case we are primarily concerned with Plaintiff's allegation that her constitutional right to due process was violated when the FmHA foreclosed its loan on Plaintiff's home and further sold Plaintiff's home. It appears to the Court, that once statutory benefits are received by a qualified recipient (such as the Plaintiff herein) those benefits may not be terminated in the absence of adequate procedural due process. *Goldberg v. Kelley*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It further appears that Plaintiff's interest in her FmHA financed home is a property interest protected by the fifth amendment. *United States v. White*, 429 F.Supp. 1245, 1250 (N.D.Miss.1977), *Law v. United States Dept. of Agri.*, 366 F.Supp. 1233, 1238 (N.D.Ga. 1973). In this case the due process requirements of adequate notice and the opportunity to be heard are required by the fifth amendment.

## WAIVER

Plaintiff contends that her due process rights have been violated by the foreclosure procedures employed by FmHA. The most substantial specific complaint made by

1. Covenant 17 provides, in pertinent part: "(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument ... the Government, at its option, with or without

notice, may: (a) declare the entire amount unpaid under the note ... immediately due and payable ... (d) foreclose this instrument as provided herein or by law ...."

Plaintiff is that she did not receive adequate notice of the Notice of Demand and acceleration of the Promissory Note and of the Notice of Mortgage Foreclosure Sale.

Defendant has set forth several arguments in response to Plaintiff's allegations. One of the defenses is that Plaintiff has waived whatever due process rights she may have had because the mortgage contains a covenant wherein Plaintiff ostensibly waives her right to notice and notice of hearing prior to foreclosure proceedings. Defendant argues that Plaintiff has contracted to waive her due process rights to notice and to a hearing. Such a contractual waiver of rights is proper in South Dakota, S.D.C.L. 21–48, and in other states. *United States v. Wynn*, 528 F.2d 1048, 1050 (5th Cir. 1976). In fact, Plaintiff has clearly indicated that she does not question the constitutionality of S.D.C.L. 21–48. Plaintiff questions the constitutionality of the procedures actually employed by Defendant in the foreclosure and sale of her home.

The Court finds that Plaintiff did sign the note and mortgage. Further, the mortgage did contain a covenant which provided for the waiver of notice prior to foreclosure. If the waiver covenant is effective, then Plaintiff may not complain of a violation of her due process rights. Therefore, before this Court can examine the alleged violations of Plaintiff's due process rights, we must determine whether Plaintiff effectively waived those rights. Plaintiff has argued that Defendant may not use the defense of waiver because in its Answer Defendant failed to properly plead waiver. Defendant has rejected Plaintiff's argument and has stated its willingness to amend its Answer. Because this Court concludes that the question of waiver must be addressed, Plaintiff's argument concerning the Defendant's ability to plead waiver is rejected. Furthermore, in order to avoid unnecessary protraction of this matter, this Court will proceed, assuming that the question of waiver is properly before it.

■ The validity of any purported waiver of constitutional rights must be based on an analysis of the facts of that particular case. *D. H. Overmyer, Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 185, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *United States v. Wynn, supra*, 528 F.2d at 1050; *United States v. Mountain Village Co.*, 424 F.Supp. 822, 825 (1976). In analyzing the facts this Court must consider the clarity of the contractual language contained in the mortgage, the relative bargaining power of the parties, and Plaintiff's ability to fully understand the provisions of the waiver covenant. Furthermore, in order to determine Plaintiff's ability to understand the provisions of the mortgage, the Court must also take into consideration Plaintiff's educational background and familiarity with legal and real estate transactions. *United States v. Mountain Village Co., supra*, 424 F.Supp. at 825.

■ This Court is also aware of the heavy burden of proof which rests upon any party that claims that a voluntary, intelligent and knowing contractual waiver of constitutional rights has occurred. *Gonzalez v. County of Hidalgo, Texas*, 489 F.2d 1043, 1046 (5th Cir. 1973); *Fuentes v. Shevin*, 407 U.S. 67, 94–95, 92 S.Ct. 1983, 32 L.Ed.2d 556, *rehrg. den.* 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972).

■ In the present case, Mr. and Mrs. Rau were buying their first home and had little understanding of real estate transactions. Rau deposition, pp. 49, 68. It further appears that at the time Plaintiff executed the mortgage she received no specific advice regarding the waiver covenant. Rau deposition, p. 54. The Plaintiff did read the mortgage. However, her comprehension fell far short of the level required for a knowing waiver of constitutional rights. In summarizing her understanding of the mortgage Plaintiff said she understood that, "... it was necessary to make the [house] payments" and that if the payments were not made, she would, "... lose the house." Rau deposition, pp. 67–68. This Court cannot equate Plaintiff's understanding of the need to make mortgage payments with the giving of a valid and knowing waiver of her constitutional rights of due process. The Court also finds that

there was no equality of bargaining position between the parties. All of the terms and conditions of the transaction were dictated by Defendant. Consequently, this transaction has assumed the color of a contract of adhesion. While this Court is mindful of the necessity of giving reasonable protection to federal investments, *View Crest Garden Apartments, Inc. v. United States*, 281 F.2d 844, 848 (9th Cir. 1960), we must conclude that Plaintiff did not effectively waive her constitutional rights to due process.

### CONSTITUTIONAL ADEQUACY OF FORECLOSURE PROCEDURES

█ We must now determine whether the foreclosure procedures used afforded Plaintiff adequate due process. Due process requires proper notice and an opportunity for a hearing. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 657, 94 L.Ed. 865 (1950). First, because without proper notice the right to hearing is of little value, the Court will consider whether the foreclosure procedures provided adequate notice. In *Mullane* the Supreme Court said:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Citations omitted) The notice must be of such nature as reasonably to convey the required information, (citation omitted) and it must afford a reasonable time for those interested to make their appearance, .... *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 657, 94 L.Ed. 865.

In addressing the question of reasonableness, the Supreme Court stated that:

> The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, ... *Id.*

Defendant argues that the requirement of adequate notice was met when on March 21, 1978, the FmHA sent Plaintiff a notice of acceleration via certified mail; on June 27, 1978, when FmHA sent Plaintiff a notice of mortgage foreclosure sale via certified mail and when the FmHA published, in the Sturgis Times, notices of the mortgage foreclosure sale of the Plaintiff's home. (First affidavit of Mr. McCue, ¶ 32, 34, third affidavit of Mr. McCue, ¶ 11.) Both of the notices sent by certified mail were returned to FmHA unclaimed. (First affidavit of Mr. McCue ¶ 35, 36.) Additionally, Plaintiff has said that she did not see the published notice, (Rau deposition, p. 187), and that her home was sold before she knew of any foreclosure proceedings. (Rau deposition, p. 188.)

Despite Plaintiff's apparent ignorance of the foreclosure sale, Defendant claims that Plaintiff received adequate notice. It is interesting to note that the FmHA sent a certified letter, dated January 28, 1977, to Plaintiff. This letter notified the Raus of delinquencies in their mortgage and insurance payments and warned of possible foreclosure actions. This letter was also returned unclaimed. However, the FmHA, aware that the Raus were still living in the house, then hand delivered the letter to the Raus at their home. (Mr. McCue's affidavit of August 27, 1979, p. 9.) Because it does not appear that the delivery caused the FmHA undue hardship it would not be unreasonable to expect the FmHA to deliver the notice of acceleration and the notice of foreclosure sale to Plaintiff's home, especially when Plaintiff was still living in the home, and FmHA had no reason to believe otherwise. (*See* Mr. McCue's answer to question no. 18 in the Plaintiff's first set of interrogatories.) Defendant's conduct seems to apply a higher standard of adequate notice for the collection of delinquent loan payments than for the actual foreclosure of the Plaintiff's property interest in her house. It appears to this Court that if Defendant felt it had to hand deliver a certified collection letter that had been returned, Defendant should also have delivered the acceleration letter and notice of foreclosure sale letter.

Defendant argues that adequate notice was provided by the publication in the Sturgis Times of the notice of foreclosure sale. Such notice by advertisement is provided for by S.D.C.L. 21–48. However, when the circumstances of this case are taken into consideration, the giving of notice by advertisement cannot satisfy the criteria set forth by the Supreme Court in *Mulane, supra.* Certainly, where Defendant knew the location of the Plaintiff's residence and had previously hand delivered returned certified letters, the publication of notice cannot be, "... notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action ...." *Mulane v. Central Hanover Bank & Trust Co.,* 70 S.Ct. at 657. In *Mulane* the court also notes that even if a party lives in the area of a newspaper's circulation, only chance would bring the advertisement to that person's attention. *Id.* at 658. In this case not even chance brought the advertisements to Plaintiff's attention. (Affidavit of Darlene Rau, June 26, 1980, p. 6.)

Defendant urged that Plaintiff should be denied relief because even if she had been given a full hearing on the matter of the foreclosure, she would have been unable to cure the default on her loan. In this case, it seems to the Court that Defendant's essential argument is that if a person is allegedly unable to take advantage of a constitutional right, that should constitute sufficient grounds for denying that right. This argument is expressly rejected by the Court. To allow such an argument to prevail would be to predicate the constitutional rights of Plaintiff, or anyone else, on his ability to take advantage of those rights.

### CONCLUSION

It is, therefore, the holding of this Court that, (1) the Plaintiff's interest in her FmHA financed house was a property interest protected by the fifth amendment; (2) by executing the mortgage of July 23, 1975, Plaintiff did not effectively waive her due process rights, and (3) the foreclosure procedures employed by Defendant in this case did not provide Plaintiff with constitutionally adequate notice of the impending foreclosure proceedings. Therefore, this Court must hold that the foreclosure sale of Plaintiff's property was held without Plaintiff having been given constitutionally adequate notice of such sale. This determination requires the Court to set aside the foreclosure sale of Plaintiff's property and order the reconveyance of subject property to Plaintiff. Because the issues addressed by the Court are dispositive of this matter, the other issues raised by Plaintiff have not been addressed.

The foregoing constitutes this Court's findings of fact and conclusions of law.