**Angelina DIAZ, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. 93 Civ 5984 (VLB).

United States District Court,
S.D. New York.

Dec. 13, 1994.

Jay E. Sickland, Legal Aid Soc., Bronx, NY, for plaintiff.

Lorraine S. Novinski, Sp. Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

█ This case presents the question of whether an applicant for Social Security benefits may agree with the Secretary of Health and Human Services to have an adverse decision set aside and the case remanded to the agency, and thereafter upon consulting counsel have the remand for re-examination vacated because counsel believes that the original (pre-remand) decision was clearly erroneous. I answer this question in the negative.

### II

Plaintiff Angelina Diaz, through counsel, has moved pursuant to Fed.R.Civ.P. 60 to vacate an order of remand ordered on November 4, 1993 based on a stipulation of the parties, and reversing a decision denying disability benefits rendered by the Secretary on February 4, 1993. The motion is based on plaintiff's *pro se* status when the stipulation was signed and counsel's contention that the February 4, 1993 decision was plainly incorrect.

Further administrative review which will lead to new findings has been initiated as a result of the November 4, 1993 remand order. Plaintiff's motion is denied.

### III

█ Far from being unjust to plaintiff, the remand is likely to lead to more accurate and up-to-date evaluation of plaintiff's entitlement to disability benefits. The interests of justice and the ultimate speedy and inexpensive resolution of the dispute (Fed.R.Civ.P. 1) are best served by obtaining the most complete insight into the available facts. This runs counter to plaintiff's request to utilize alleged weaknesses in the original agency ruling to bar reconsideration of the correctness and grounds of its decision. Use of procedural arguments to constrict rather than advance analysis of the merits is disfavored. See authorities cited, *Thomas v. Yonkers Police Dept.,* 147 F.R.D. 77 (S.D.N.Y.1993).

█ In addition, granting motions to return a case to the district court without further administrative review after such further review has already been initiated as a result of a complaint by a potential beneficiary, would interfere with the effective functioning of the agency. Such action approximately one year after the stipulation is barred by laches absent special circumstances not shown here. See generally *Robins Island Preservation Fund v. Southold Development Corp.,* 959 F.2d 409, 421–25 (2d Cir), *cert. denied* —— U.S. ——, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992); *Bourne Co. v. Tower Records,* 976 F.2d 99 (2d Cir.1992); *In re New York Trap Rock,* 158 B.R. 574 (S.D.N.Y.1993).

Granting the motion before me may also be adverse to plaintiff's own interests should it turn out that the agency rules in her favor upon the current review, whereas the court might find the earlier ruling correct and sustain it leaving the plaintiff with an adverse final outcome.

Granting motions such as plaintiff's application here would, in addition, have effects adverse to *pro se* Social Security benefit applicants as a whole by making it difficult or impossible for the agency to reach reliable agreements with such applicants, who would consequently have little or no bargaining power in dealing with the agency. Inability to make binding commitments or to give up any rights in return for consideration puts a party at a disadvantage similar to that of married women before their legal emancipation in the nineteenth century. See J. Goebel, *Cases and Materials on Legal Institu-*

**182**

*tions* 553—568 (1946); compare Labor Management Relations Act of 1947 (Taft–Hartley Act) § 301 (29 U.S.C. § 185) (authorizing labor organizations to sue and be sued).

## IV

The question here is not akin to that presented when a *pro se* plaintiff states the substance of a claim but fails to refer to applicable legal doctrines in proper language; instead the present issue relates to ability of a *pro se* litigant to act when the nature of that act is clearly known.

■ Relief from an ill-considered agreement may be called for in several kinds of circumstances. An agreement may be found unconscionable;[1] a party may not understand what a document says; fraudulent statements may have been made[2] or complex jargon utilized to confuse a party;[3] overbearing pressures may have been brought.[4] No such events are alleged here.

There is no claim that plaintiff was required as a result of a mandatory standard form or contract of adhesion to agree to the remand to obtain rights otherwise routinely available or constitutionally guaranteed. See Sullivan, "Unconstitutional Conditions," 102 HarvLRev 1413 (May 1989); Rakoff, "Contracts of Adhesion," 96 HarvLRev 1173 (1983).

SO ORDERED.

---

**1.** See *Friedman v. Egan,* 64 A.D.2d 70, 407 N.Y.S.2d 999 (2nd Dept.1978).

**2.** For injunctive relief at the federal level, see 18 U.S.C. § 1345; 15 U.S.C. § 53(b).

**3.** See *Rau v. Cavenaugh,* 500 F.Supp. 204 (D.S.D. 1980); New York General Obligations Law § 5–702; New York State Administrative Procedure Act § 201 as amended by L.1992 ch. 331.

**4.** See *Morgan v. McNiff,* 797 F.Supp. 325 (S.D.N.Y.1992).